## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT BRUCE, | ) | |
|     Plaintiff, | ) | Civil Action No. 14-129Erie |
| | ) | |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| PAUL ENNIS, et al, | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION[1]

M.J. Susan Paradise Baxter

Plaintiff, a state inmate originally acting *pro se*, initiated this civil rights action on April 28, 2014. As Defendants to this action, Plaintiff named: Paul Ennis, John Chiles, Edward Heberling[2], John Flatt, Jeffrey Case, Mark Hacherl, John Montour, and John Means, all current or former employees of the Department of Corrections.

In his *pro se* complaint, Plaintiff asserts two Eighth Amendment failure to protect claims against staff at SCI Forest: 1) Plaintiff sues Major Ennis, Unit Manager Heberling, Sgt. Montour and retired Counselor Flatt in connection with the removal of his Z-code status on May 1, 2012, claiming that this decision resulted in his being attacked by his cellmate (Inmate Gillis) over 18 months later on November 16, 2013; and 2) Plaintiff claims he warned Unit Manager Chiles, Psychologist Case, Captain Hacherl and Correctional Officer Means in late October 2013 that Inmate Gillis was threatening physical violence, but these Defendants took no action to prevent

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] Sherri J. Armstrong, in her capacity as Executor of the Estate of Edward A. Heberling, Jr., has been substituted for Edward Heberling as a Defendant.

1

the November 6th attack. Plaintiff alleges that despite direct knowledge that removing Plaintiff's Z code would subject him to a substantial risk of severe physical harm, Defendants Ennis, Heberling, Flatt and Montour disregarded that risk by revoking Plaintiff's Z-code and assigning him to a double cell. Later, and as a result of Defendants' actions, Plaintiff was assaulted and severely injured by a homophobic cellmate. ECF No. 5.

Since the filing of the *pro se* complaint, counsel has entered an appearance on Plaintiff's behalf. ECF No. 13.

Presently before this Court is Defendants' partial motion for summary judgment. ECF No. 33. Defendants move for summary judgment on the Eighth Amendment claim against Ennis, Heberling, Montour and Flatt. ECF No. 37. The motion is fully briefed and is ripe for disposition by this Court.

**Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323, quoting Fed.R.Civ.P. 56. The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Id. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). On a motion for summary judgment, the court must consider the "underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Slagle v. Cnty. of Clarion, 435 F.3d 262, 264 (3d Cir. 2006) (citations omitted).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Id. at 330; Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989) (the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed

documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**Failure to Protect**

Plaintiff claims that Ennis, Heberling, Montour, and Flatt violated his Eighth Amendment rights. Plaintiff contends that the revocation of his Z-code status in April 2012 resulted in the assault by his cellmate in November 2013.

The Eighth Amendment's prohibition against the infliction of cruel and unusual punishment has been interpreted to impose upon prison officials a duty to take reasonable measures "'to protect prisoners from violence at the hands of other prisoners.'" Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994). See also Farmer, 511 U.S. at 834 ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."). To sustain such a failure-to-protect claim, a plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Davis v. Williams, 354 Fed.App'x 603, 605-06 (3d Cir. 2009) quoting Hamilton, 117 F.3d at 747.

Defendants move for summary judgment on the basis of the argument that there was no justification for continuing Plaintiff's Z code status as of April 2012. In the face of Defendants' motion for summary judgment, Plaintiff argues that there is a factual dispute as to 1) whether Plaintiff's sexual orientation was the basis for the initial Z code status in 1997, and 2) whether Plaintiff notified Defendants of the necessity of the continuation of the Z code status for his own safety. This Court agrees with Plaintiff in both regards.

4

Although Defendants argue that Plaintiff's original Z code status was not based upon his homosexuality, the evidence before this Court reflects otherwise. The 2012 document authored by Heberling and Flatt recommending the removal of Z code status specifically states that "It is noted that Mr. Bruce originally received the Z code in 1997 based mostly on his assaultive behavior linked to his current offense of Murder as well as him making statements about being a homosexual." ECF No. 41, ¶¶ 31, 35; ECF No. 42, ¶¶ 31, 35. The 1997 vote sheet that originally granted Z code status to Plaintiff mentions: "bizarre behavior in cell, past history of assaults, his refusal to double [cell]; homosexual attraction." ECF No. 38-1, page 168. During the meeting about the revocation of the Z code, Defendant Montour recalled that Plaintiff claimed that he had originally been granted Z-code status based upon his alternative lifestyle. ECF No. 35-1, pages 4-5. And, at least one Defendant, Jeffrey Case, Department of Corrections psychologist, has testified that Plaintiff had Z code status based upon his homosexuality. ECF No. 38-1, page 96.

Moreover, there is evidence to reflect that Plaintiff notified these Defendants of the necessity of the continuation of I hateZ code status for his personal safety. Around the time his Z code status was revoked, Plaintiff told Heberling and Montour that his Z code was partially based on his homosexuality, that his sexual orientation had not changed, and that putting him in a double cell would "put me in substantial risk of harm." ECF No. 38-41, pages 25-27. Plaintiff also testified that he had a conversation with Case "about my sexuality and how putting individuals in my cell that was unfamiliar with my lifestyle … [could] put me in substantial risk of harm." Id. at page 66. Additionally, on May 1, 2012, the day his Z-code status was revoked, Plaintiff filed a grievance (410845) claiming that he was in "pervasive risk of harm" because of his sexual orientation and because his Z-code was removed.

Based upon these disputed issues of fact, partial summary judgment is inappropriate and should be denied. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT BRUCE, | ) | |
|     Plaintiff, | ) | Civil Action No. 14-129Erie |
| | ) | |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| PAUL ENNIS, et al, | ) | |
|     Defendants. | ) | |

# O R D E R

AND NOW, this 22nd day of August, 2017;

IT IS HEREBY ORDERED that Defendants' motion for partial summary judgment [ECF No. 33] is denied.

                                                /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge